UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MALIBU MEDIA,

    Plaintiff,               Case No.: 2:12-cv-425-UA-DNF

v.

JOHN DOES 1-24,

    Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Doe 5's Motion for Reconsideration (Doc. # 21), which was filed on December 10, 2012. Malibu Media filed a Response in Opposition to the Motion for Reconsideration (Doc. # 22) on December 24, 2012. Also before the Court is Malibu Media's Second Motion for Extension of Time within which it has to Serve Defendants with a Summons and Complaint (Doc. # 23), which was filed on January 4, 2013. For the reasons that follow, the Court grants the Motion for Reconsideration in part and denies the Motion in part. In addition, the Court grants Malibu Media an extension of time in which to effect service of the summons and complaint upon Doe 5.

**I.   Legal Standard**

Federal Rules of Civil Procedure 59(e) and 60 govern motions for reconsideration. Ludwig v. Liberty Mut. Fire Ins.

Co., Case No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718, at *6 (M.D. Fla. Mar. 30, 2005).  The time when the party files the motion determines whether the motion will be evaluated under Rule 59(e) or Rule 60.  Id.  A Rule 59(e) motion must be filed within 28 days after the entry of the judgment.  Motions filed after the 28-day period will be decided under Federal Rule of Civil Procedure 60(b).  Here, the Motion for Reconsideration was filed within 28 days of the Court's Order (Doc. # 18) and will be decided pursuant to Rule 59(e).

It is within the Court's discretion to grant a motion for reconsideration. Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir. 1990).  Arguments in favor of granting reconsideration must be balanced against the desire to achieve finality in litigation. Id.  As stated in Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary

remedy to be employed sparingly." <u>Lamar Adver. of Mobile, Inc. v. City of Lakeland</u>, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." <u>Fla. College of Osteopathic Med., Inc.</u>, 12 F. Supp. 2d at 1308.

## II. **Procedural History**

Malibu Media filed this action for copyright infringement against twenty-four Doe Defendants on August 6, 2012. (Doc. # 1).  Since that time, Malibu Media has dismissed from this action Doe Defendants 1-4 and 6-11. (Doc. # 10, 17).  On August 21, 2012, Malibu Media sought an order allowing it to serve immediate discovery on the remaining Doe Defendants' Internet Service Providers so as to allow Malibu Media to ascertain the Doe Defendants' true identities. (Doc. # 5). The Court granted the motion for immediate discovery in an Order dated August 22, 2012. (Doc. # 6).  On August 24, 2012, Malibu Media obtained a summons from the United States District Court for the Eastern District of Virginia directing Brighthouse Networks to provide Doe 5's subscriber information. (Doc. # 9-1 at 5).

On October 9, 2012, Doe 5 filed a Motion for Reconsideration of the Court's August 22, 2012, Order allowing immediate discovery. (Doc. # 9). In the same Motion, Doe 5 also sought a protective order and/or an order quashing the subpoena for Doe 5's subscriber information, along with a Motion to Dismiss for Improper Venue. (<u>Id.</u>) Furthermore, Doe 5 sought an order severing the action against Doe 5 from the remaining Doe Defendants. The Court referred the Motion to the Magistrate Judge for the issuance of a report and recommendation, and on November 15, 2012, the Magistrate Judge issued his report and recommendation. (Doc. # 15). The Magistrate Judge recommended that the motion to quash subpoena/motion for protective order be denied on the merits and recommended that the motion to sever and motion to transfer venue be denied as prematurely asserted.

In the absence of an objection to the report and recommendation, this Court entered an Order adopting the report and recommendation on December 5, 2012. (Doc. # 18). On December 10, 2012, Doe 5 filed a timely Motion for Reconsideration of the Order adopting the report and recommendation, which is ripe for the Court's review. (Doc. ## 21, 22).

### III. <u>Analysis</u>

Malibu Media is the owner of United States Copyright Registration Number PA00017947715 for the motion picture titled "Yoga in the Sky." (Doc. # 1 at ¶ 11). Malibu Media alleges that each Doe Defendant used the BitTorrent file sharing protocol to illegally download Yoga in the Sky. Generally, Malibu Media contends that each of the Doe Defendants shared pieces of the film, using BitTorrent, such that the film could be reassembled into a full copy for view by the Defendants. The file is replete with references to the BitTorrent protocol and detailed descriptions of how the protocol is used to violate United States copyright law such that further definition of such protocol is unnecessary here.

The issues before this Court are (1) whether to enter a protective order or otherwise quash the subpoena served on Doe 5's Internet Service Provider in which Malibu Media seeks Doe 5's subscriber information; (2) whether the action should proceed against the Doe Defendants collectively or whether the individual actions should be severed; and (3) whether venue in the Fort Myers Division of the Middle District of Florida is proper.

After due consideration, the Court declines to quash the relevant subpoena and declines to enter a protective order

barring release of Doe 5's subscriber information. However, the Court grants reconsideration to the extent that it will sever the instant action and require that these copyright cases proceed individually. Furthermore, the Court grants reconsideration to the extent that it will transfer this case to the Tampa Division of the Middle District of Florida, where Doe 5 resides.

    **A.**    **Motion to Quash Subpoena**

This Court has considered the relevant authorities and has not altered its previously articulated position that this Court lacks the authority to quash the questioned subpoena, which issued from the Virginia court. See Howard v. Hartford Life & Acc. Ins. Co., Case No. 3:10-cv-192, 2011 WL 2533800, at *8 (M.D. Fla. June 27, 2011)("Pursuant to Rule 45, any motion to modify a subpoena must be filed with the issuing court."); Boy Racer, Inc. v. John Does 1-34, Case No. 11-cv-23035, 2012 WL 1535703, at *3 (S.D. Fla. May 1, 2012)(holding, in the context of an adult film copyright infringement action similar to the present case, that a Florida district court "lacked jurisdiction to quash subpoenas issued by a federal court in Illinois.").

This Court declines to broaden and bend the terms of Rule 45, which limits the power to quash or modify a subpoena to

"the issuing court," based upon the facts of this case. And to this Court's knowledge, nothing prevents Doe 5 from seeking appropriate relief from the Virginia court. Accordingly, the Court denies Doe 5's request for reconsideration of the Court's Order as to the subpoena on Brighthouse Networks for Doe 5's subscriber information.

### B. <u>Motion to Sever</u>

The Magistrate Judge did not address the substance of Doe 5's request to sever this action beyond characterizing the request for severance as premature. The Court initially agreed with the Magistrate Judge but, having had the opportunity to reevaluate the facts and the changing legal landscape, now determines that it is appropriate to grant Doe 5's request to sever these actions.

On December 6, 2012, the day after this Court entered its Order adopting the report and recommendation, the Honorable James D. Whittemore, United States District Judge, entered a detailed Order addressing the issue of severance in the context of copyright infringement cases based on BitTorrent file sharing. <u>See</u> <u>Malibu Media, LLC v. Does 1-28</u>, 8:12-cv-1667-JDW-MAP (Doc. # 22).

Under facts nearly identical to those presented here, Judge Whittemore concluded that "joinder is technically proper

under Rule 20(a)," but that such joinder of Doe Defendants as "users in the same BitTorrent swarm" frustrated the purpose of the Federal Rules of Civil Procedure.  (Id. at 5, 7).[1]  Judge Whittemore severed the individual cases pursuant to Rule 21, Fed. R. Civ. P., after considering the deleterious impact of joinder on the parties and on the judicial system.[2]  After due consideration, this Court joins in his sound reasoning.

Severing the individual claims asserted in this action is necessary to promote judicial economy and to ensure effective case management.  The present Motion for Reconsideration, in which Doe 5 asserts arguments concerning due process, jurisdiction, venue, and severance, is emblematic of the individualized and fact-intensive motions that each of the Doe Defendants are likely to file during the course of the case. Indeed, identified only by their Internet Protocol addresses, and linked only by their participation in a cyber "swarm," the Court foresees that each Doe Defendant may assert unique challenges to the Court's jurisdiction and other factually diverse arguments and defenses.  See Bubble Gum Prods., LLC v.

---

[1] Pursuant to Rule 20, Fed. R. Civ. P., a plaintiff may join claims against defendants if the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

[2] Rule 21, Fed. R. Civ. P., permits the Court to "sever any claim against a party."

Does 1-80, Case No. 12-cv-20367, 2012 WL 2953309, at *4 (S.D. Fla. July 19, 2012) ("[T]he variety of individualized defenses that can be raised creates judicial inefficiency when numerous defendants are joined."); CineTel Films, Inc. v. Does 1-1,052, 853 F. Supp. 2d 545, 554 (D. Md. 2012)("To maintain any sense of fairness, each individual defendant would have to receive a mini-trial, involving different evidence and testimony.  The enormous burden of a trial like this . . . would substantially prejudice defendants and the administration of justice.").

The Court finds that resolution of the Doe Defendants' various arguments and defenses via "mini-trial" would hinder judicial economy and be fundamentally unfair to the parties.

Furthermore, as noted by Judge Whittemore, "The only economy that litigating these cases as a single action would achieve is an economy to plaintiff-the economy of not having to pay a separate filing fee for each action brought." (Doc. # 22 at 11)(citations omitted).  Here, in an action initially filed against twenty-four Doe Defendants, Malibu Media paid a single filing fee of $350.00, rather than $8,400.00, the amount that would be associated with bringing twenty-four separate actions.  Malibu Media's current strategy has bombarded the Court with a tidal wave of litigation, while

depriving the Court of much needed funds in the form of filing fees.[3]

Filing fees not only provide crucial funding for the operation of the Court, but also serve as a deterrent to the filing of frivolous suits. See In re McDonald, 489 U.S. 180, 184 (1989)(explaining that filing fees provide a threshold barrier against the filing of frivolous actions and garner much needed revenue for the courts).  Severance of the individual claims in this matter is essential to preserve the purpose of the filing fee as mandated by 28 U.S.C. § 1914(a).

In addition, the Court turns to Rule 1 of the Federal Rules of Civil Procedure, which requires that this Court construe the Federal Rules to "secure the just, speedy, and inexpensive determination of every action and proceeding." Severing these individual actions will promote these laudable principles and prevent the unique prejudice that is presented in multi-defendant copyright cases where the identities of the Doe Defendants may be difficult to ascertain.  As noted by Judge Whittemore:

> With twenty-eight defendants, meaningful case management deadlines will not be reasonably

---

[3] By filing thirty-six lawsuits in the Middle District of Florida against 906 individual Doe Defendants, Malibu Media has paid $12,600.00 in filing fees, rather than $317,100.00, the amount that would be required for bringing each action separately.

> achievable without extensive hearings. And when the identity of each John Doe defendant is eventually discovered by Malibu, the prospect of numerous amended complaints arises, an unnecessary exercise in contemporary litigation which will present an inordinate administrative chore for the Clerk, the court, and the parties. And the process of identifying the unknown defendants has the potential of prejudicing those defendants who are identified early on, who will likely languish in litigation beyond their control while Malibu pursues the identities of the other John Does.

(Doc. # 22 at 14). The Honorable David A. Baker, United States Magistrate Judge, also highlighted the "significant burden on the Clerk's office" in the absence of severance in a similar copyright case based on use of the BitTorrent protocol, when "each time an order is docketed in the case, [the Clerk's office] is obligated to review every item filed, and potentially prepare and mail a copy of the order to all of the defendants who are pro se even when the order does not pertain to each defendant." Bait Productions PTY LTD. v. Does 1-73, Case 6:12-cv-1637 (Doc. # 12 at 8).

In conclusion, the Court finds that to jointly try these disparate actions would contravene judicial economy, inhibit effective case management, and cause significant prejudice to the joined Defendants and to the Court. The Court accordingly grants reconsideration to the extent that it grants Doe 5's request to be severed from the remaining Doe Defendants. Doe Defendants 12-24 are dismissed without prejudice. Malibu

Media has the option of filing suits against each of these individual Doe Defendant separately and is required to pay the filing fee in connection with each individual suit it chooses to file.

### C. Motion to Transfer Venue

Having determined that this action should be limited to Malibu Media's claim against Doe 5, this Court will now undertake an analysis of whether venue is proper. Neither the Magistrate Judge's report and recommendation nor this Court's Order adopting such report and recommendation made a specific finding regarding venue other than to find that the issue was prematurely asserted.

The Copyright Act requires that a civil action to enforce a copyright "be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). Doe 5 has filed a declaration indicating that he resides in Tampa, Florida. (Doc. # 9-1 at 1, ¶ 3). Accordingly, it appears that this action was correctly instituted in the Middle District of Florida. The issue for this Court is whether to transfer this case to a different division within the Middle District of Florida.

Malibu Media does not appear to contest that Doe 5, a Tampa, Florida resident, "resides more than 100 miles from

this [Fort Myers] Court." (Doc. # 9 at 5).  28 U.S.C. § 1406(a) states that "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

This Court finds that the interests of justice will be served by a transfer of this case from the Fort Myers division to the Tampa Division of the Middle District of Florida.

**D.  Motion for Extension of Time to Effect Service of Process**

As noted, Malibu Media initiated this action on August 6, 2012, and pursuant to Rule 4(m), Fed. R. Civ. P., had 120 days therefrom to effect service of the summons and complaint on Doe 5.  On December 5, 2012, this Court granted an extension of time, until January 4, 2013, for Malibu Media to effect service of the summons and the complaint on the Defendants, including Doe 5. (Doc. # 20).  Malibu Media seeks a further extension of this deadline.  Upon due consideration and in light of the procedural posture of this case, the Court grants the Motion.  Malibu Media has until and including February 8, 2013, in which to effect service of the summons and the complaint on Doe 5.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Doe 5's Motion for Reconsideration (Doc. # 21) is **GRANTED in PART and DENIED in PART** as follows:

   (a) The Motion for Reconsideration is denied to the extent Doe 5 requests an order quashing the relevant subpoena and to the extent Doe 5 requests a protective order in regards to the relevant subpoena.

   (b) The Motion for Reconsideration is granted to the extent that the individual claims in this action are severed such that Does 12-24 are dismissed without prejudice. Malibu Media has the option of filing suits against each of these individual Doe Defendants separately and is required to pay the filing fee in connection with each individual suit it chooses to file.

   (c) The Motion for Reconsideration is granted to the extent that the Court **DIRECTS THE CLERK TO TRANSFER** this case to the Tampa Division of the Middle District of Florida.

(2) Malibu Media's Second Motion for Extension of Time within which it has to Serve Defendants with a Summons and Complaint (Doc. # 23) is **GRANTED**. Malibu Media has until

-14-

and including February 8, 2013, in which to effect service of the summons and the complaint on Doe 5.

**DONE** and **ORDERED** in Fort Myers, Florida, this 9th day of January 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record